IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STRANDEX CORPORATION,

                               Plaintiff,                            ORDER

v.

                                                            10-cv-705-slc

PREMIUM COMPOSITES, LLC,

                               Defendant.

---

In this civil diversity action, plaintiff Strandex Corporation alleges that defendant Premium Composites, LLC failed to make royalty payments due under the terms of a licensing agreement regarding Strandex's patented technology for tooling wood and plastic composite products. Strandex seeks monetary damages as well as the return of all its proprietary tooling. Strandex has moved for a preliminary injunction, and a hearing is set for February 17, 2011.

the first question in any lawsuit is whether the court has subject matter jurisdiction, and the court has an independent obligation to ensure that it exists. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 501 (2006); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010). Section 1332 requires complete diversity of citizenship, meaning that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *McCready v. EBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). As the party filing suit, Strandex bears the burden of showing that federal jurisdiction exists. *Chase v. Shop n' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) ("party seeking to invoke federal diversity jurisdiction [ ] bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met.").

Strandex alleges that it is a Wisconsin corporation with its principal place of business in Madison and that Premium is a South Dakota limited liability company with its principal place of business in Veblen, South Dakota. Dkt. 1. For the purpose of diversity jurisdiction, corporations are citizens of the states in which they are incorporated and have their principal place of business. 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.

2d 1220, 1223 (7th Cir. 1991)).  However, the citizenship of a limited liability company is the citizenship of each of its members.  *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well").  Because the complaint fails to allege the citizenship of the members of Premium, the court cannot determine whether the parties are diverse.

Therefore, IT IS ORDERED that Strandex has until February 9, 2011, to submit verification of the citizenship of each of Premium's members.[1]  Failure timely to submit the required information could result in dismissal of this case for lack of subject matter jurisdiction.

Entered this 1st day of February, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

---

[1] I remind Strandex that if Premium has an individual person as a member, the citizenship (not the residency) of that individual is what matters for diversity jurisdiction purposes.  An individual is a citizen of the state in which s/he is domiciled, that is, where s/he has a "permanent home and principal establishment, and to which[s/he] has the intention of returning whenever he is absent therefrom."  Charles Alan Wright, *Law of Federal Courts* 161 (5th ed. 1994); *see also Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).